IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH SENOSKI, | ) | |
|     Petitioner, | ) | Civil Action No. 2: 13-cv-01761 |
| | ) | |
| v. | ) | District Judge Arthur J. Schwab |
| | ) | Magistrate Judge Cynthia Reed Eddy |
| COMMONWEALTH OF | ) | |
| PENNSYLVANIA, | ) | |
|     Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

Petitioner, Kenneth Senoski ("Senoski"), is a state prisoner. He has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court may dismiss the petition prior to service if it plainly appears that Senoski is not entitled to habeas relief. That is the case here as the petition is a second or successive and Senoski has not received from the United States Court of Appeals for the Third Circuit an order authorizing this Court to consider it, as required by 28 U.S.C. § 2244(b)(3)(A). Accordingly, it is respectfully recommended that the petition be summarily dismissed for lack of jurisdiction and that a certificate of appealability be denied. 28 U.S.C. § 2243; Rule 4 of the Rules Governing Section 2254 Cases In the United States District Courts.

**II.    REPORT**

    **A.    Relevant Background**

Petitioner, Kenneth Senoski, is a state prisoner who was convicted of Aggravated Assault, Attempted Rape, and related charges in the Court of Common Pleas of Allegheny County, and who was sentenced to 12 ½ to 25 years imprisonment on November 14, 1997. Senoski's conviction was affirmed

on direct appeal, and a subsequent proceeding under the Post Conviction Relief Act ("PCRA") resulted in a denial of relief.

On December 10, 2013, Petitioner filed the instant Petition for Writ of Habeas Corpus (ECF No. 1). The Petition was received without a filing fee or the forms required to proceed in forma pauperis in a habeas case. Accordingly, the case was statistically closed (ECF No. 2). On December 12, 2013, the filing fee was paid by Petitioner and the case was reopened. This is Petitioner's fourth federal Petition for Writ of Habeas Corpus in which he has challenged the same 1997 conviction.

Senoski's first petition for writ of habeas corpus in this Court was filed in 2005 ("Senoski I," Civil Action No. 05-0041). That petition was denied on its merits on March 22, 2006 (ECF No. 14, Civil Action No. 05-41).[1] Petitioner appealed to the United States Court of Appeals for the Third Circuit, which on April 12, 2007, denied his request for a Certificate of Appealability because he "had not made a 'substantial showing of the denial of a constitutional right.'" *See Senoski v. Narvin*, Court of Appeals Docket No. 06-2011.

Senoski then filed his second petition in this Court on December 19, 2008 ("Senoski II," Civil Action No. 08-1725). That petition was dismissed on January 20, 2009, on the grounds that it was an improper second or successive habeas petition and Petitioner had not obtained an order from the court of appeals authorizing the district court to consider the petition. (ECF No. 12, Civil Action No. 08-cv-1725).[2]

---

[1] A copy of the computerized docket in Senoski I, as well as the Report and Recommendation recommending dismissal, and the Order adopting the Report and Recommendation are attached hereto as Exhibit A.

[2] A copy of the computerized docket in Senoski II, as well as the Report and Recommendation recommending dismissal, and the Order adopting the Report and Recommendation are attached hereto as Exhibit B.

2

On April 9, 2009, the United States Court of Appeals for the Third Circuit denied Petitioner's application pursuant to 28 U.S.C. § 2244 to file a second or successive petition. *See* In re Kenneth A. Senoski, Court of Appeals Docket No. 09-1077.

Undeterred, on April 26, 2010, Petitioner filed his third petition again challenging his 1997 state court conviction and sentence ("Senoski III," Civil Action No. 10-0524). On April 27, 2010, the Petition was summarily dismissed on the grounds that it was an improper second or successive habeas petition as Petitioner had not obtained an order from the court of appeals authorizing the district court to consider the petition. (ECF No. 2, Civil Action No. 10-0524).[3]

In his instant petition, Petitioner is challenging the very same conviction which he previously challenged in Senoski I, Senoski II, and Senoski III.

**B.** **Discussion**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") mandates that before a petitioner may file a second or successive habeas corpus petition under 28 U.S.C. § 2254 challenging the same judgment of sentence that he previously challenged in federal habeas, he must obtain an order from the court of appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). See, e.g., Magwood v. Patterson, 561 U.S. 320, 130 S. Ct. 2788 (2010). Once a petitioner moves for authorization to file a second or successive petition, a three-judge panel of the court of appeals must decide within thirty days whether there is a prima facie showing that the application satisfies § 2244's substantive requirements, which are set forth in § 2244(b)(2). See 28 U.S.C. § 2244(b)(3). AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has divested

---

[3] A copy of the computerized docket in Senoski III, as well as the Memorandum Order dismissing the Petition is attached hereto as Exhibit C.

3

district courts of jurisdiction over habeas petitions that are second or successive filings. See, e.g., Burton v. Stewart, 549 U.S. 147 (2007).

Senoski has not received from the Third Circuit Court of Appeals permission to file a second or successive petition. Therefore, this Court must dismiss the instant petition for lack of jurisdiction. Id. at 152-54.

### C. Certificate of Appealability

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." In Slack v. McDaniel, 529 U.S. 473, 474 (2000), the Supreme Court stated that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Applying that standard here, jurists of reason would not find it debatable whether the instant petition is a second or successive petition. Accordingly, a certificate of appealability should be denied.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the petition for a writ of habeas corpus be summarily dismissed and that a certificate of appealability be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules, Senoski may file written objections to this Report and Recommendation on

or before **Tuesday, January 6, 2014**. Failure to file timely objections will constitute a waiver of any appellate rights. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

                    /s *Cynthia Reed Eddy*
                    CYNTHIA REED EDDY
                    United States Magistrate Judge

Dated: December 18, 2013

cc:    KENNETH SENOSKI
       DJ8862
       PO Box 1000
       Houtzdale, PA 16698